JUDGE JOHNSTON

MAGISTRATE JUDGE JENSEN

RECEIVED

6/27/2023

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

Wilibaldo Martinez-Vivanco

**23CV50244**

_____

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

vs.

United States et.al.,

Case No:_____
(To be supplied by the Clerk of this Court).

_____

_____

_____

_____

(Enter above the full name of ALL
defendants in this action. Do not
use "et al.")

**CHECK ONE ONLY:**

_____ **COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983 U.S. Code** (state, county, or municipal defendants)

✓ **COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE 28 SECTION 1331 U.S. Code** (federal defendants)

✓ **OTHER** (cite statute, if known) ( FTCA )

*BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.*

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

I.     **Plaintiff(s):**

A.     Name: Wilibaldo Martinez-Vivanco

B.     List all aliases: N/A

C.     Prisoner identification number: 34324-044

D.     Place of present confinement: FCC Coleman USP-2

E.     Address: P.O. Box 1034, Coleman, Fl 33521-1034

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, place of confinement, and current address according to the above format on a separate sheet of paper.)

II.    **Defendant(s):**
(In **A** below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in **B** and **C**.)

A.     Defendant: UNITED STATES OF AMERICA

       Title: _____

       Place of Employment: _____

B.     Defendant: LT. BRYWER

       Title: SHU LT.

       Place of Employment: _____

C.     Defendant: _____

       Title: _____

       Place of Employment: _____

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

2                                                        Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

III.   **List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:**

A.   Name of case and docket number: ____ N/A _____

B.   Approximate date of filing lawsuit: ____ N/A _____

C.   List all plaintiffs (if you had co-plaintiffs), including any aliases: _____
      _____ N/A _____
      _____

D.   List all defendants: _____ N/A _____
      _____
      _____
      _____

E.   Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): _____ N/A _____.

F.   Name of judge to whom case was assigned: ____ N/A _____

G.   Basic claim made: _____ N/A _____
      _____
      _____

H.   Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): _____ N/A _____
      _____
      _____

I.   Approximate date of disposition: _____ N/A _____

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

IV.     **Statement of Claim:**

State here as briefly as possible the facts of your case. Describe how each defendant is involved, including names, dates, and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

COUNT 1. Eight Amendment claim for failure to protect, Prison officials in the (SHU) Special Housing Unit at USP Thomson ignored the Plaintiff's requests not to be placed in a cell with a Active Gang Member from a rival gang. Plaintiff talked with prison staff member LT. Brywer who advised the plaintiff that he knew that the plaintiff was a dropout gang member, but he was going to put him in a cell with an Active Gang Member from a rival gang anyway so he can "get killed." LT. Brywer told the Plaintiff if he refused to go in the cell, he and his officers would beat him, and put him in restraints. On 3/18/2022 the Plaintiff was forced into a cell with an Active Gang Member. The Plaintiff was attacked and almost killed by the Inmate. Staff failed to take action to mitigate the threat of harm.

4                                                Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Prison Staff violated the Eight Amendment when failed to protect the plaintiff by putting the plaintiff in a cell with an Inmate who they knew was a Rival Gang Member with the plaintiff. The duty of care owed by the Bureau of prisons to federal prisoners includes safekeeping and protection of all such persons. Applicable state tort law governs whether the duty was breached and whether the breach was the proximate cause of the plaintiff's injuries. The prison official's knowledge of the threat and deliberate indifference to the danger was known prior to the plaintiff being attacked by the other Inmate. Prison Staff knew about the specific risk to the plaintiff, and they failed to act to mitigate that risk. They knew the plaintiff was a dropout gang member from a rival gang, yet they still placed him in a cell with an Active Gang Member from a rival gang.

5

Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

V.     **Relief:**

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

The plaintiff seeks $12,000,000.00 in pain and suffering for his injuries, and any other relief the courts grant.

VI.    The plaintiff demands that the case be tried by a jury.     ☒ YES    ☐ NO

CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief. I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this ___15___ day of ___June___, 20 _23_

_____

(Signature of plaintiff or plaintiffs)

Wilibaldo Martinez - Vivanco
(Print name)

34324-044
(I.D. Number)

Federal Correctional Complex Coleman USP-2

P.O. Box 1034

Coleman, FL 33521-1034
(Address)

Revised 9/2007
[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

## COMPLAINT

GROUND I. Eight Amendment Claim For Failure To Protect.

On 3/18/2022 the Plaintiff was in SHU custody at USP Thomson. Prior to being placed in a cell with another inmate the Plaintiff was interviewed by SHU LT. Brywer. LT. Brywer asked the Plaintiff why he had dropped out of his gang?
The Plaintiff replied he dropped out because it was time for him to growup, and because he did not like the violence associated with the gang culture.
LT. Brywer responded by saying, "Bullshit, you dropped out because you're a coward."
Brywer went on to say that, " Well, I'm putting you in any cell that I feel like."
LT. Brywer ordered the plaintiff to be put in a cell with an Active Gang Member Named Julian Breal. Upon being placed in the cell with Inmate Breal, Inmate Breal advised the plaintiff that he knew him, and he knew his gang.
Inmate Breal said, "I hate paisa's, if you don't call the CO's to get you out of my cell, I'm going to kill you."
The Plaintiff notified SHU staff about the threat, and the plaintiff was

1

taken out of the cell. The SHU staff asked the plaintiff was he afraid of Inmate Breal, and the plaintiff said yes.

LT. Brywer told the plaintiff, to bad asshole, you're going back in that cell.

The Plaintiff pleaded with LT. Brywer, and his SHU officer's that the Inmate is a rival gang member, and that he has weapons, and he told me he was going to kill me if I stayed in the cell with him.

LT. Brywer said, "Fuck that, Go get killed then, if you refuse your cell, I'm going to fuck you up and put you in restraints." LT. Brywer and his SHU officer's then force the plaintiff back into the cell with Inmate Julian Breal.

LT. Brywer and his SHU officers left, and the plaintiff was attacked and brutally beaten until he was unconscious.

The plaintiff had to be transported to the hospital for emergency surgery. The plaintiff was assaulted by his cellmate and another person punched him and kicked him in the face multiple times. The plaintiff was cut on his nose with a knife the assailant's used. The plaintiff suffered from multiple facial fractures, bilateral occular swelling. Please see Exhibit 1 page 1 of 14.

2

The Plaintiff also suffered injuries to his eyes, he had a horizontal 2 CM laceration above his right brow, and he suffered a significant edema and ecchymosis along with temporal chemosis to his Left brow. Please See Exhibit 1 page 3, the Plaintiff suffered several orbital fractures in both eyes, Periorbital ecchymosis, bullous subconjunctival hemorrhage left eye, and chemosis of the right eye.

After the Plaintiff regained consciousness, he was advised by Medical Staff that he FLAT LINED TWICE while in transit to the hospital. This means the Plaintiff died twice from his injuries while enroute to the hospital. The Plaintiff's injuries were Tragical. The Plaintiff is a Federal Prisoner, Jail officials "have a duty to protect prisoners from violence at the hands of other prisoners." See Farmer V. Brennan, 511 U.S. 825, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). LT. Brywer and his SHU Staff failed to protect the Plaintiff, the United States, the Defendant had a duty to protect the Plaintiff from violence at the hands of the rival gang member inmates.

3

Section A. Officials "incur liability for the breach of that duty when they are aware of a substantial risk of serious injury to an inmate but nevertheless fail to take appropriate steps to protect him from known danger." Rice ex rel. Rice v. Correctional Med. Serv., 675 F.3d 650, 669 (7th Cir. 2012) (citing Guzman v. Sheahan, 495 F.3d 852, 857 (7th Cir. 2007)(quoting Butera v. Cottey, 285 F.3d 601, 605 (7th Cir. 2002)).

Thomson SHU staff knew prior to putting the plaintiff in a cell with Active Gang Members from a rival gang that there was a substantial risk of serious injury to the plaintiff because they knew he was a gang dropout from a rival gang.

Thomson staff breached their duty to protect the plaintiff from a known danger; "Jail officials have a duty to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 128 L. Ed. 2d 811 (1994).

Section B.

## CAUSATION

The negligence of Thomson SHU staff was the proximate cause of the plaintiff's injuries. BOP staff knew or reasonably should have known of a potential problem between the plaintiff, and the Active Gang

4

members in the SHU cells. BOP staff knew about the problems between the gangs because the plaintiff told them prior to being placed in the prison cell. The Plaintiff carefully explained the problems between him, and Inmate Breal.

The LT. also asked the plaintiff during his (SHU) Special Housing Unit interview why he dropped out of his gang? LT. Brywer knew that if he housed a dropout gang member from a rival gang, with Active Gang members from a rival gang that there would be potential problems between the inmates.

LT. Brywer and his SHU staff breached their duty to protect the Plaintiff by willfully placing him in harms way.

In a failure to protect suit arising from an altercation between inmates, a prisoner must only show that BOP staff knew or reasonably should have known of a potential problem between the inmates.

In this case the BOP clearly knew about the problems between the inmates because it was told to them prior to putting them in the same cell together, and after the plaintiff called the staff's attention to remove him temporally from the SHU cell. They then placed him back into the same cell with Inmate Julian Breal and another

5

person who beat him within inches of his life. BOP SHU Staff were the proximate cause of the Plaintiff's injuries. Had they not breached their duty to protect when they were aware of a substantial risk of serious injury to an inmate, the Plaintiff would not have been injured.

Section C.                    ILLINOIS TORT LAW

Illinois Tort Law governs the causation analysis concerning this FTCA Lawsuit because the incident occured in Illinois at Thomson USP. The FTCA incorporates the substantive law of the state where the alleged tort occured. The Plaintiff has met his burden under Illinois Tort Law because he has established that the Defendant was a proximate cause of the plaintiff's injury. See Blood V. VH-1 Music First, 668 F.3d 543, 546 (7th Cir. 2012). See Exhibit 2 also.

BOP Staff's Failure to exercise the standard of care that a reasonable prudent person would have exercised in the same situation concerning seperating two rival gang members make them liable for the breach of duty to protect the Plaintiff when they knew of a substantial risk of serious injury to an inmate but nevertheless

6

Failed to take appropriate steps to protect him from a known danger.

The FTCA Permits suits against the United States for personal injuries caused by the wrongful acts of Federal employees acting within the scope of their employment under circumstances in which a private Person would be liable. IF a private Person ignored Facts about a dropout gang member who is telling them that another Active gang member made threats on his life if they are put together, that private Person would be liable for the Person's injuries after still Placing the dropout gang member from another rival gang together with an Active gang member who's his rival. See 28 U.S.C. 1346 (b)(1).

As indicated by the Plaintiff, BOP staff was negligent for placing him in harms way. The Plaintiff has showed that the Defendant breached the duty owed to plaintiff and the Plaintiff's injuries resulted from staff negligence.

The Plaintiff also informed his entire Unit Team that he was a dropout gang member. The Plaintiff informed Case Manager Carol Forstman-Naphcare that he was no longer a active gang member upon

7

his arrival at USP Thomson. It should be further noted that the Plaintiff's Case Manager also ignored his pleas for protection from Active Gang Members, and his many requests to be placed on a Non-Active Prison yard.

Section D                    TIMELINESS OF FTCA

The Plaintiff's FTCA Lawsuit is Timely because it has been filed within 6 months of 05-02-2023. The Government failed to respond on 05-02-2023 as stated in Exhibit 3, they did not notify the Plaintiff about any kind of extention of time. This Lawsuit is the result.

Conclusion

Wherefore, the Plaintiff prays that this Honorable Court will accept his Pro Se FTCA Lawsuit against the United States.

Respectfully Submitted,

Wilibaldo Martinez- Vivanco
Reg No. 34324-044
FCC Coleman USP-2
P.O. Box 1034
Coleman, Fl 33521-1034

8